Burket, J.
If the charge of the court, as given, was right, there was no error to the prejudice of the railroad company in the refusal to charge as requested. In the charge as given, the court fully concedes the right of the conductor to eject the defendant in error for nonpayment of fare for her boy, but held it to be his duty, before *593 ejecting her, to restore, or offer to restore to her the unused value of her ticket over and above the fare of both from Kendailville to Corunna. •While the court held the. conductor to this duty, it gave him the option to perform the duty, either by returning the ticket and demanding the fare of both for the distance already traveled, or by tendering a stop-over check for herself from Corunna to Wauseon, and demanding fare for the child from Kendailville to Corunna, or by tendering her the difference in money between the price of the ticket and the fare of both from Kendailville to Corunna.
This charge concedes to the company all its rights, if not more.
Upon her refusing to pay fare for the boy, the company had a right to put both off the train at the next station, and collect fare for the boy to that station, but it had no right to confiscate her ticket to Wauseon, and appropriate the same to its own use without compensation to her. Before putting her off the cars, the conductor should have returned to her the unused value of her ticket, either by paying such value to her in money, or by giving her a stop-over check and collecting fare for the boy for the distance already traveled. If the ticket was already canceled so as not to avail her on another train, its return would have been of no value to her, and this the company knew, while she may not have known it. In such case it was the duty of the conductor to give her a stop-over check, or compensate her in money to the amount of the difference between the cost of the ticket and the fares of both to Corunna. As between her and the company, the conductor represented the company, and the rights and lia *594 bilities of the parties were the same as if the company had been present and transacted the business through its highest officers; and, therefore, neither the inconvenience of making change, nor the want of authority on part of the conductor to pay the unused value of the canceled ticket, can shield the company from liability. As the ticket was such as to entitle the holder to a stopover at any station, the contract of carriage was not an entire, but a severable contract, and upon notice to the conductor that she desired to stop at an intermediate station, it was his duty to give her a stop-over check; and when he was about to forcibly eject her from the train, it was still more his duty to give her such check. It was his duty before commencing to eject her from the train, to either pay her the unused value of her ticket over and above the fares of both for the distance already traveled, or give her a stop-over check and demand the fare of the boy, and if this had been done, she would most likely have paid the boy’s fare and avoided the diságreable scene which followed. At all events it was her right to have the unused value of her ticket restored to her before being ejected from the train. True, she was in the wrong in refusing to pay fare for the boy, but the company was also in the wrong in retaining the unused value of her ticket, and in ejecting her before returning, or offering to return to her such value, either in money or stopover check. Her wrong did not warrant the company in expelling her from the train without returning ' to her the remaining value of her ticket. The expulsion was, therefore, unlawful, and the company became liable to respond in damages.
*595 There is always liable to be more or less friction between the traveling public and transportation companies, and while railroads should be fully protected in the enforcement of their reasonable rules, passengers must be protected in their rights of property, and against unreasonable annoyances.
The case of Railroad v. Hoeflick, 62 Md., 300, and Wood’s Railway Law, section 353, cited by plaintiff in error, only go to the extent that upon refusal to pay fare for a child, both the child and person having it in charge may be ejected from the train. Nothing is there said as to the right to have the unused fare returned. The charge of the court in the case at bar fully conceded all that is covered by these two authorities.
The following eases are in point, and throw some light upon the question under consideration in this case. 1 Wardwell v. Railway, 46 Minn., 514; 24Am. St. R., 249; Bland v. Railway, 55 Cal., 570; Vankirk v. Railway, 76 Pa. St., 66.
We find no error in the record.

Judgment affirmed.